UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT COLLINS,<br><br>　Plaintiff,<br><br>V.<br><br>SAUL MOLINA AND FRED LOYA INSURANCE AGENCY, INC. F/K/A FRED LOYA INSURANCE AGENCY, L.P.,<br><br>　Defendants. | §§§§§§§§§§§§§  CIVIL ACTION NO. 4:08-cv-0461 |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, Doc. No. 11, Plaintiff's Motion to Remand, Doc. No. 12, Plaintiff's Motion for Leave to File Third Amended Complaint, Doc. No. 18, and Defendant's Motion to Dismiss, Doc. No. 2. For the following reasons, Plaintiff's Motion to Remand, Doc. No. 12, is **GRANTED**. The remaining motions are therefore **DENIED AS MOOT**.

I.　**BACKGROUND**

Plaintiff filed this lawsuit in the Harris County Court No. 3, and Defendant Fred Loya Insurance Agency, Inc. (FLIA) removed the case on February 8, 2008.

Plaintiff alleges that Saul Molina is an undocumented immigrant who was involved in a car accident with Plaintiff on January 21, 2006. According to Plaintiff, Molina rear-ended him while Plaintiff was stopped at a traffic light. Plaintiff alleges that Defendant Fred Loya Insurance Agency, Inc. "sells a non-standard automobile insurance policy to a predominantly Hispanic clientele." Plaintiff contends that FLIA provides insurance to "high risk individuals with little to no credit history, many of whom are illegal immigrants."

In his First Amended Petition filed in the Harris County Court, Plaintiff alleged claims of negligence and gross negligence against Defendants. Plaintiff additionally stated:

> Plaintiff brings this action against the Loya defendant for "harboring" an illegal immigrant as that term is understood at law and "inducing" him to remain in the country illegally in violation of established law for pecuniary benefit of the defendant. Such actions were a proximate cause of Plaintiff's injuries and damages.

(Pl.'s First Am. Petition ¶ VII.) In its Notice of Removal, Defendant argues that Plaintiff's First Amended Petition pled a claim under 8 U.S.C. § 1324, which would make removal jurisdiction proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331 because it states a federal question. Defendant further contends that 28 U.S.C. § 1324 does not create a private right of action, asks the Court to dismiss Plaintiff's claim, and requests that the Court sanction Defendant for making a frivolous claim.

## II.   ANALYSIS

Removal to federal court is available for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A party seeking removal, or defending against a motion to remand, bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The Court must strictly construe removal statutes because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Any doubts as to the Court's subject matter jurisdiction should be resolved by remanding the case to state court. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

It is not completely clear whether Plaintiff's First Amended Petition should be read as an attempt to assert a direct cause of action under 8 U.S.C. § 1324, the federal harboring statute. §

1324 imposes criminal penalties on a person or entity that, *inter alia*, "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place," or "encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." 8 U.S.C. § 1324 (a)(1)(A)(iii), (iv). Although the First Amended petition does not cite § 1324, the language of Plaintiff's claim against Defendant in the First Amended Petition is very similar to that of the federal harboring statute.[1]

Plaintiff argues, however, that he never intended to state a direct claim under 8 U.S.C. § 1324, and instead intended to bring a state-law negligence per se claim utilizing the statute as a standard for imposing liability. *See Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997) ("Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims."). Plaintiff claims that he filed a skeletal notice pleading in state court as permitted under the Texas Rules of Civil Procedure, and that the pleading was likely to have been made more specific pursuant to special exceptions. *See, e.g.*, 58 TEX. JUR. 3D PLEADING §§ 276-83. Plaintiff also notes that his First Amended Complaint was filed in response to an agreement to amend Plaintiff's pleadings based on proposed special exceptions that were being asserted by Defendant Molina, and notes that the amended pleading was never served on Defendant Loya. (Doc. 19, 2.) Plaintiff has asked the Court for leave to file a Second and Third Amended Complaint. He argues that his Second and Third Amended Complaints are fully

---

[1] Plaintiff also cited to 8 U.S.C. § 1324 in response to Defendant's Motion to Quash, filed in state court. (Doc. No. 1, Ex. B.)

consistent with the claim he intended to make in his First Amended Petition, and simply allow him to re-plead his cause of action with specificity. Plaintiff's Second Amended Complaint, for example, alleges a claim against Defendant Loya for "negligence, negligence per se, malice and/or gross negligence" for "selling a non-temporary insurance policy to an illegal alien." (Pl.'s Second Am. Compl. § 6.2.) The Second Amended Complaint contends that the sale of such a product "would constitute a violation of 8 U.S.C. § 1324." Although Plaintiff concedes that 8 U.S.C. § 1324 is a federal statute that establishes criminal penalties for harboring illegal aliens, he argues that the statute "serves as a standard of care of conduct, the violation of which gives rise to civil responsibility under state common law." (Pl.'s Second Am. Compl. ¶ 6.2.)

In considering whether removal jurisdiction exists, the Court must consider Plaintiff's claims as they existed at the time of removal. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." (*citing Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995)); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."). The Court must therefore base its jurisdictional analysis on the record before the state court, and not on the proposed Second and Third Amended Complaints. *See, e.g., In re Wilson Industries, Inc.*, 886 F.2d 93, 95 (5th Cir. 1989) ("[I]t has long been held that a plaintiff may not precipitate a remand of an action by amending the complaint to eliminate the basis for removal."). The Court believes that there is some ambiguity in Plaintiff's First Amended Complaint. Although Defendant could have reasonably interpreted the claim as one arising under 8 U.S.C. § 1324, Plaintiff's argument that

he intended to assert a negligence per se claim using 8 U.S.C. § 1324 as a standard of care is also at least plausible. The Court will therefore read Plaintiff's First Amended Complaint as stating a claim for negligence per se, and not as an assertion of a private right of action under the federal statute.

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat. Bank*, --- F.3d ----, 2008 WL 879038, at *3 (5th Cir. Apr. 2, 2008). A federal court may, however, sometimes exercise jurisdiction over state law actions that raise a substantial question of federal law. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916-17 (5th Cir. 2001). To determine whether a state law claim raises a substantial question of federal law, the removing party must show: "(1) a federal right is an essential element of [plaintiff's] state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery*, 243 F.3d at 918. Where the federal statute does not create a private cause of action, however, the exercise of federal jurisdiction based on the substantial federal question exception is often inappropriate. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812-17 (1986); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir. 1988); *Burton v. Southwood Door Co., MEA, Inc.*, 305 F.Supp.2d 629, 633-36 (S.D. Miss. 2003). The Supreme Court has clarified that the absence of a federal private right of action does not always preclude the exercise of jurisdiction, but is evidence of "a missing welcome mat." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 318 (2005) (noting that the absence of a federal private right of action is "relevant to, but not dispositive of the 'sensitive judgments about congressional intent' that § 1331 requires").

Nonetheless, where there is no private federal cause of action, and breach of the federal statute is pled in support of a garden-variety state tort claim such as negligence per se claim, the Court has found that "no welcome mat mean[s] keep out." *Id.* at 318-19 (citing *Merrell Dow*, 478 U.S. at 811-12).

Plaintiff's negligence per se claim does not fall within the "substantial federal question" exception to the well-pleaded complaint rule. Like the tort claim at issue in *Merrell Dow*, Plaintiff's claim is a garden-variety tort claim "alleging a violation of a federal statute as an element of a state cause of action." 478 U.S. at 815. The Court agrees with Defendant that there is no federal private right of action under 8 U.S.C. § 1324. *See, e.g., Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890, 891, 893 (10th Cir. 1972); *Larez v. Oberti*, 100 Cal. Rptr. 57, 60-61 (Cal. Ct. App. 1972). Because there is no federal private cause of action under § 1324, Plaintiff's claim "does not state a claim 'arising under the Constitution, laws, or treaties of the United States." *Id.*

Another exception to the well-pleaded complaint rule arises when a federal statute completely preempts any state cause of action. *See, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). Only complete preemption, as distinct from the defense of ordinary federal preemption, can justify the exercise of federal jurisdiction over a state law claim. *See, e.g., PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005); *Johnson v. Baylor University*, 214 F.3d 630, 632 (5th Cir. 2000); 14B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3722 ("[W]hen the federal court determines that the particular state law claim that has been pleaded by the plaintiff has not been completely preempted, and that federal law exists merely as a defense to what is essentially a state law claim, removal will be denied and the action remanded to state court."). To determine whether a

state cause of action is completely preempted, the court "must determine that Congress intended a federal act to provide the exclusive cause of action for the claims at issue to hold that it completely preempts state law claims." *Bernhard*, 2008 WL 879038 at *6 (citing *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 776 (5th Cir. 2003). Specifically, Defendant must show:

> 1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) Congress intended the federal action be exclusive.

*Meadowwood Park Ranch Estates, Inc. v. Smith*, No. 3:06-CV-0444-G, 2006 WL 3207978, at * 2 (N.D. Tex. Nov. 7, 2006) (citing *PCI Transportation*, 418 F.3d at 543-44; *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 775-76 (5th Cir.2003)).

Plaintiff's negligence per se claim is not completely preempted. Regulation of immigration is "unquestionably exclusively a federal power," *DeCanas v. Bica*, 424 U.S. 351, 354-55 (1976), and certain provisions of federal immigration law have been found to occupy the field to the exclusion of state or local laws, *see, e.g.*, *Hines v. Davidowitz*, 312 U.S. 52, 68-72 (1941); *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 521-524 (M.D. Pa. 2007); *League of United Latin American Citizens v. Wilson*, 997 F. Supp. 1244, 1253-54, 1256 (C.D. Cal. 1997). At least one California state court has speculated, without holding, that 8 U.S.C. § 1324 "may well be designed to preempt the field and to bar state action." *Cobos v. Mello-Dy Ranch*, 98 Cal. Rptr. 131, 951 (Cal. Ct. App. 1971) (finding that 8 U.S.C. § 1324 did not create a private right of action). Defendant has cited no case finding that 8 U.S.C. §1324 completely preempts a state cause of action for removal jurisdiction purposes. Presuming that it is possible to state a claim of negligence per se based on a violation of 8 U.S.C. § 1324, something this Court finds doubtful,

Defendant may well be able to successfully raise preemption as a defense.[2] *Complete* preemption, however, requires something that is not present in this case. Namely, 8 U.S.C. § 1324 does not contain a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law. *See also* 14B WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3722.1 ("In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal law *and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum.*" (emphasis added)). Plaintiff's claim is therefore not completely preempted.[3]

### III.   CONCLUSION

In the absence of a federal question, this Court lacks subject-matter jurisdiction to hear the case. Plaintiff's Motion to Remand are **GRANTED**. Defendant's Motion to Dismiss and Plaintiff's Motion for Leave to File Second Amended Complaint and Motion for Leave to File Third Amended Complaint are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

SIGNED this ___ day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also argues that Plaintiff's claim is not cognizable under Texas state law. This Court may not decide whether Plaintiff's claims are viable under Texas law. Under the well-pleaded complaint rule, Plaintiff is not precluded from pleading "state law claims that may ultimately have no merit." *Bernhard*, 2008 WL 879038, at *7.
[3] To the extent that there may be doubt as to whether Plaintiff's claim is completely preempted, that doubt must be resolved in favor of remand.